JOHN E. KEITER (#16487)
**KEITER LAW, PC**
50 W. Broadway, Ste. 300
Salt Lake City, Utah 84101
Telephone: (801) 633-0559
Facsimile: (385) 503-8891
john@keiterlaw.com
*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, SOUTHERN DIVISION**

| | |
|---|---|
| RENE MORAN, an individual; and REDLINE CARGO, INC. a California Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>BEAVER NURSERY, INC., a Utah corporation; SAMUEL KERKSIEK, an individual and DOES 1-10.<br><br>Defendants. | **MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Civil No. 4:26-cv-00023-DN-PK<br><br>Judge David Nuffer<br><br>Magistrate Judge Paul Kohler |

Plaintiffs Rene Moran and Redline Cargo, Inc. (collectively "**Plaintiffs**"), through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 15(a)(2), respectfully file this motion for leave to file their second amended complaint (the "**2d Am. Complaint**"). A copy of the proposed amended complaint is being filed concurrently herewith.

## INTRODUCTION

Plaintiffs seek leave to file the 2d Am. Complaint to clarify that the livestock involved in the December 1, 2025, accident is owned by Samuel Kerksiek individually rather than by his entity Beaver Nursery, Inc. This amendment is necessary to ensure accurate pleading of

ownership and to facilitate Mr. Kerksiek's insurance claim. The proposed amendment adds Mr. Kerksiek as a party but does not assert any new causes of action or materially alter the factual basis of the claims.

## FACTUAL BACKGROUND

1. Plaintiffs filed their first amended complaint ("**Am. Compl**aint") on March 17, 2026 (Dkt. No. 12), which amendment was made pursuant to Federal Rule of Civil Procedure 15(a)(1)(A) in response to an updated police report filed which identified Beaver Nursery, Inc. as the owner of the livestock that caused the accident in these proceedings.

2. After serving the Am. Complaint upon Beaver Nursery, Inc., Plaintiffs' counsel was contacted by the insurance carrier of Samuel Kerksiek who advised that the cow was owned by Mr. Kerksiek personally—not by his entity Beaver Nursery, Inc.

3. Mr. Kerksiek's insurance carrier requested that the Am. Complaint be revised to name Mr. Kerksiek personally to facilitate his insurance claim.

4. The proposed 2d Am. Complaint is now being submitted for this purpose.

## ARGUMENT

After the time for amendment as a matter of course has expired, a party may amend its pleading only with the opposing party's written consent or through motion with the court. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." *Id.*

Here, justice requires granting leave to amend because the proposed 2d Am. Complaint clarifies the true owner of the cow at issue in these proceedings. Indeed, the cow's owner requested the proposed change to enable him to make a proper claim against his insurance policy. The case is at its earliest stages, with no defendants having yet entered an appearance. Both Samuel Kerksiek and Beaver Nursery, Inc. are aware of Plaintiffs' intent to amend and

encourage it. Accordingly, good cause exists to grant Plaintiffs leave to file the 2d Am. Complaint.

**CONCLUSION**

For the foregoing reasons, the Court should grant leave for Plaintiffs to file their 2d Am. Complaint.

DATED: March 30, 2026.

*/s/ John E. Keiter*
John E. Keiter
*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 30, 2026 a copy of the foregoing document was filed with the Court's ECF system which sent notice to all parties who have entered their appearance in these proceedings.

*/s/ John E. Keiter*